```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DAN ANDREW COTTEN

                        Plaintiff,

        - against -

ALTICE USA, INC.

                        Defendant.
------------------------------------------------------------ x
------------------------------------------------------------ x
ANDREW HORLICK

                        Plaintiff,

        - against -

ALTICE USA, INC.

                        Defendant.
------------------------------------------------------------ x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★    JAN 02 2020    ★
BROOKLYN OFFICE



**MEMORANDUM & ORDER**

19-CV-01534 (RJD)(ST)
19-CV-01554 (RJD)(ST)

DEARIE, District Judge:

Dan Andrew Cotten ("Cotten") and Andrew Horlick ("Horlick") (collectively, "Plaintiffs") bring claims against their former employer, Altice USA, Inc. ("Altice" or "Defendant"), related to Altice's alleged failure to pay severance benefits. Plaintiffs sue for breach of contract (Count I) and promissory estoppel (Count II). Cotten Second Amended Complaint, ECF No. 15, ¶¶ 27-36 ("Cotten Compl."); Horlick Second Amended Complaint, ECF No. 15, ¶¶ 26-35 ("Horlick Compl."). Following removal, Plaintiffs amended their pleadings to raise three Employee Retirement Income Security Act ("ERISA") claims in the alternative: failure to pay benefits under an ERISA plan pursuant to § 502(a)(1)(B) (Count III), failure to furnish ERISA plan documents under § 502(a)(1)(A) (Count IV), and breach of fiduciary duty to Plaintiffs and others similarly situated to provide plan documents and timely deliver severance

benefits under § 502(a)(3) (Count V). Cotten Compl. ¶¶ 37-58; Horlick Compl. ¶¶ 36-57. Altice now moves to dismiss, arguing (i) Plaintiffs' state law claims are preempted by ERISA, (ii) Plaintiffs lack standing under ERISA, (iii) Plaintiffs failed to exhaust administrative remedies, and (iv) Plaintiffs' ERISA claims under §502(a)(3) are duplicative of other claims. Def. Mem., Cotten ECF No. 24, Horlick ECF No. 22, at 4-14. For the reasons described below, the Court denies Defendant's Motion to Dismiss as to ERISA preemption, standing, and exhaustion, and reserves decision on dismissal of Count V as duplicative.

## BACKGROUND

Cotten began his employment as a Sales Director for Altice on September 25, 2017, and was terminated in July 2018. Cotten Compl. ¶¶ 13, 22. Horlick began his employment as Director of East Coast Sales for Altice on January 2, 2018, and was terminated on June 2, 2018. Horlick Compl. ¶¶ 13, 21. Both Plaintiffs allege that they were terminated "without cause or explanation" and denied severance pay. Cotten Compl. ¶¶ 15, 25; Horlick Compl. ¶¶ 15, 24 (referencing Ex. B).

On or about January 1, 2017, Altice issued a company-wide Altice Severance Benefits Policy ("Altice Policy") that it published on Altice's intranet, widely disseminated, and furnished to Plaintiffs when they accepted employment with Altice. Cotten & Horlick Compls. ¶¶ 6, 8. The Altice Policy outlines severance benefits for Altice employees terminated without cause. Cotten & Horlick Compls, Ex. A at 1-3. The Altice Policy also states: "As approved by the EVP/Head of Function and EVP of Human Resources, severance guidelines are governed by the Company's ERISA-covered severance pay plan and the associated plan document/summary plan description. If you would like to receive a copy please speak with your local Human Resources contact." Id. at 2. The Altice Policy defines "The Company" as "Altice USA." Id.

2

In removing the action to this Court, Defendant filed a declaration from Altice's Senior Vice President, Compensation, Benefits & HR Operations, Christopher Clarke, and a "Cablevision Severance Pay Plan and Summary Plan Description" ("Cablevision Plan"). See Notice of Removal, Cotten & Horlick ECF No. 1, Ex. C (Cablevision Plan), Ex. D (Clarke Decl.); see also Sweeney Affidavit, Cotten ECF No. 23, Horlick ECF No. 20, Ex. C (Cablevision Plan). With little explanation, Clarke simply states that the Cablevision Plan is the ERISA plan that governs the Altice Policy. Clarke Decl. ¶¶ 3-4. Plaintiffs contend that they were not provided with documents indicating that they were Cablevision employees during the onboarding process nor given the Cablevision Plan prior to this litigation. Cotten Compl. ¶¶ 11-12, 24; Horlick Compl. ¶¶ 11-12, 23; Pl. Opp., Cotten ECF No. 22, Horlick ECF No. 21, at 7, 9.

## DISCUSSION

On a motion to dismiss, the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 472 (2d Cir. 2009). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). "[W]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

As a threshold matter, the Court declines to consider the proffered Cablevision Plan in deciding Defendant's Motion. Despite defense counsel's insistence, it is not apparent that a

3

*Cablevision* Plan governs the *Altice* Policy. Indeed, the first reference to the Cablevision Plan is found in Defendant's notice of removal. Compare id. at 154 (finding it improper to consider outside document on motion to dismiss where "the parties disagree as to whether and how the [document] relate[s] to or affect[s] the contractual relationships at issue" and the document could be read as either "irrelevant" or "intended to modify the . . . contracts").

1. Motion to Dismiss State Claims as Preempted by ERISA

Consistent with Congress's goal of "provid[ing] a uniform regulatory regime over employee benefit plans . . . ERISA includes expansive pre-emption provisions which are intended to ensure that employee benefit plan regulation [is] 'exclusively a federal concern.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)) (citing ERISA § 514; 29 U.S.C. § 1144). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy . . . is therefore pre-empted." Id. at 209.

Notwithstanding ERISA's broad preemptive force, where there is a factual dispute as to the existence of an enforceable ERISA plan, Plaintiffs may plead state law claims in the alternative. See, e.g., Aiena v. Olsen, 69 F. Supp. 2d 521, 531 (S.D.N.Y. 1999) ("Given the uncertainties concerning (a) whether the [challenged] arrangements were an ERISA plan and (b) the scope of ERISA preemption, it would be foolish to put all of one's eggs in either the ERISA or the state law basket. Resting solely on ERISA would run the risk that a court ultimately would determine that there was no ERISA plan. Resting solely on the state law theory would run the risk that a court would conclude that there was an ERISA plan and that the state claims were preempted."); Aramony v. United Way of Am., 949 F. Supp. 1080, 1084 (S.D.N.Y. 1996) ("[A]s

defendants question the existence of an enforceable ERISA plan, plaintiff's [state law] claim is an acceptable alternative theory that may be pled along with plaintiff's ERISA claims.").

Given uncertainty regarding the existence and identification of Altice's ERISA severance plan, the Court at this time declines to dismiss Plaintiffs' state law claims.

2. Motion to Dismiss ERISA Claims for Lack of Standing

A claim under ERISA may be brought by a "participant or beneficiary" of the ERISA plan. ERISA § 502(a)(1); 29 U.S.C. § 1132(a)(1). See also Chemung Canal Tr. Co. v. Sovran Bank/Maryland, 939 F.2d 12, 14 (2d Cir. 1991) (Those with ERISA standing "are: (1) a participant or beneficiary, (2) the Secretary of Labor, and (3) a fiduciary.").

In addition to disputing the Cablevision Plan's relevance, the parties dispute whether Plaintiffs are designated beneficiaries under Altice's ERISA plan, including whether the Altice Policy constituted such designation. Given outstanding questions regarding Plaintiffs' status under Altice's severance program, the Court cannot now determine that Plaintiffs lack standing. Defendant's Motion to Dismiss as to standing is denied.

3. Motion to Dismiss for Failure to Exhaust Administrative Remedies

ERISA plans must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). "[R]elying on § 1133, 'courts have developed the requirement that a claimant should ordinarily follow internal plan procedures and exhaust internal plan remedies before seeking judicial relief under ERISA.'" Sibley-Schreiber v. Oxford Health Plans (N.Y.), Inc., 62 F. Supp. 2d 979, 985 (E.D.N.Y. 1999) (quoting Ludwig v. NYNEX, 838 F. Supp. 769, 781 (S.D.N.Y. 1993)). Courts have "dispensed with the exhaustion prerequisite where plaintiffs allege a statutory ERISA violation." De Pace v. Matsushita Elec.

5

Corp. of Am., 257 F. Supp. 2d 543, 558 (E.D.N.Y. 2003) (collecting sources). Additionally, in rare cases "[w]here claimants make a clear and positive showing that pursuing available administrative remedies would be futile," exhaustion is excused. Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993) (quotations omitted). See also Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134 (2d Cir. 2001) (Plaintiff "was required to exhaust even if she was ignorant of the proper claims procedure."); Meza v. Gen. Battery Corp., 908 F.2d 1262, 1280 (5th Cir. 1990) ("Even though [Plaintiff] did not receive a copy of a Plan Summary as required by [ERISA], he has not shown that the lack of information has harmed him or precluded him from pursuing his administrative remedies *at this point*." (emphasis added)).

Once again, before the applicable plan is identified, it is not possible to decide whether any term poses an insurmountable barrier to Plaintiffs' case. The Court cannot conclude that Plaintiffs failed to follow "th[e] administrative appeals [process] provided for in the relevant plan or policy." Kennedy, 989 F.2d at 594. The Motion to Dismiss on exhaustion grounds is denied.

4. Motion to Dismiss Duplicative ERISA Claims

The Supreme Court recognizes that "ERISA § 502(a)(3) act[s] as a safety net, offering appropriate equitable relief for injuries caused by [ERISA] violations that § 502 does not elsewhere adequately remedy." Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001) (quoting Varity Corp v. Howe, 516 U.S. 489, 512 (1996)) (internal quotations omitted). Therefore, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." Varity Corp., 516 U.S. at 515 (internal quotations omitted). Lower courts have determined that claims for equitable relief under § 502(a)(3) are improper when duplicative of § 502(a)(1) claims. See, e.g., Babino v. Gesualdi, 278 F. Supp. 3d 562, 580-81 (E.D.N.Y. 2017), aff'd, 744 F. App'x 30 (2d Cir. 2018) ("Plaintiff does not seek 'appropriate

equitable relief" under Section 502(a)(3) because the relief he seeks is available elsewhere, and his claim is duplicative of his claims under Section 502(a)(1)(B)."); Mead v. Andersen, 309 F. Supp. 2d 596, 598 (S.D.N.Y. 2004) ("[I]t is inappropriate to include a § 502(a)(3) claim which, as here, merely duplicates the § 502(a)(1) claim.")

Defendant asserts that Plaintiffs' claims under § 502(a)(3) are duplicative of claims under § 502(a)(1). Def. Mem., Cotten & Horlick, at 11-12. Plaintiffs respond that Counts IV and V do not deal with denial of benefits, and in particular Count V seeks relief for breach of fiduciary duties in failing to provide plan documents and timely severance benefits to beneficiaries. Cotten Opp. at 12-13; Horlick Opp. at 13-14. While the Court is skeptical that Count V raises claims distinct from Counts III and IV, the Court will defer ruling until completion of the limited discovery now authorized and additional briefing as may be appropriate.

## CONCLUSION

Defendant's persistent refrain about the Altice Policy's language that "severance guidelines are governed by the Company's ERISA-covered severance pay plan and the associated plan document/summary plan description" may presage an insurmountable obstacle to Plaintiffs. However, at this pleading stage the Court is unable to conclude that as a matter of law, the claims will perish at the hands of the relevant plan as vaguely referenced. Plaintiffs are thus entitled to modest discovery on what ERISA plan, if any, was in place during their tenure at Altice, and whether they were beneficiaries under such plan.

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2019

s/Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

7